*63 The opinion of the Court was delivered by
O’Neall, J.,
In this case it is not pretended, that the verdict can stand, but it is supposed, that if set aside a non-suit ought to follow.
1. Because the suit was brought on the third day of grace, whereas the defendants contend, they were privileged from suit for the whole of that day.
The point was considered, and very deliberately decided in Wilson vs. Williman, 1 N. & McC. 440. In that case Judge Richardson, with the concurrence of all his brethren held, “ That the maker of a note may be sued on the third day of grace.”
After such a decision to which practice has ever since conformed, it cannot be expected, that a different rule should now be introduced.
2. It was next urged for the defendant that it was necessary to state in the declaration, and prove on the trial, that the note was presented and payment demanded of the makers “ at the agency of the Bank of the State of South Carolina in Sumterville.”
The casé of Smith vs. Burrill, Harp. App. 518, is decisive of that point. In it Judge Coleock in overruling the decision of Proileau, Recorder, said, “We are of opinion that the place'where, constituted no part of the contract.
“ If the parties meet there, it is well, if either fails the contract is nevertheless binding and the action may be maintained, without an averment that a demand was made at the particular place.”
That is enough for this case. For the proof of M. Moses, Esq., that one of the partners called on him on the second day of grace and told him he had taken legal advice and would not pay the note, if a demand had been necessary to be proved at' the bank agency, would dispense with it. He who tells another *64 that he will not do an act cannot certainly expect him to ask him to do it.
But the maker of the note has no right to expect a demand of payment to be made. It is his business to meet the pay-: ment, when by the terms of it he has promised to make it.
It is only to charge the indorser, that a demand is necessary. It is therefore plain in this case, that the motion for a non-suit was properly overruled by the judge below.
How a jury could undertake virtually to overrule the judge, and order a nonsuit by finding for the defendants, is hard to say. To tjiem the Judge is the law, and they are bound to follow his instructions on legal questions. Whenever they undertake to decide legal questions they incur a great peril, in, that, they may do wrong. -Juries ought to remember, that they are sworn, “ to well and truly try all issues and execute all writs of enquiry, and true verdicts give according to evidence.” An action, be it issue, or writ of, enquiry, can only be well tried, by the jury finding according to the law, as given to them by the judge, and according-to their belief of the facts, as proved before them.
The motion for a new trial is granted.
Wardlaw, Withers, Whitner, Glover and Munro, JJ., concurred.

Motion granted